IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL E. CHAVEZ I,

Plaintiff,

v.

MINOCQUA J1 SCH. DIST.,

Defendant.

OPINION and ORDER

26-cv-522-jdp

---

Plaintiff Daniel E. Chavez I, proceeding without counsel, alleges that his former employer, defendant Minocqua J1 School District, discriminated against him because of his attention-deficit/hyperactivity disorder, and retaliated against him because he complained about perceived discrimination. Chavez proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Chavez's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because it fails to state a plausible claim for relief, but I will allow Chavez to amend the complaint to fix this problem.

## ALLEGATIONS OF FACT

Chavez was employed by Minocqua J1 School District as a night janitor. Chavez has attention-deficit/hyperactivity disorder (ADHD).

Chavez was "bullied, harassed, and treated unfairly" because of his ADHD. Dkt. 1 at 1. His supervisors and coworkers "made comments, created a hostile environment, and failed to accommodate" his ADHD. *Id.* After Chavez complained about this mistreatment, he was informed that the District "planned to replace the night janitors with outside contractors, which threatened [his] job and created fear of termination." *Id.*

## ANALYSIS

Chavez brings disability discrimination, hostile work environment, and retaliation claims under the Americans with Disabilities Act (ADA). Chavez also refers to Title VII of the Civil Rights Act of 1964. I will not consider Chavez's Title VII claims because this statute prohibits discrimination based "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a), not disability. *See also Giese v. City of Kankakee*, 71 F.4th 582, 591 (7th Cir. 2023) (to state a Title VII retaliation claim the complaint of mistreatment that caused the retaliation must relate to a class that Title VII protects). I will consider Chavez's disability discrimination, hostile work environment, and retaliation claims under the ADA only.

### A. Disability discrimination claim

To state an ADA disability discrimination claim, Chavez must plausibly allege that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) his employer took an adverse job action against him because of his disability or failed to make a reasonable accommodation. *See Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000); *see also Wileman v. Sch. Dist. of Janesville*, No. 17-cv-531-jdp, 2018 WL 1401261, at *6 (W.D. Wis. Mar. 19, 2018).

Chavez alleges that he has ADHD, which meets the first element. On the second element, Chavez does not allege, even generally, that he was otherwise qualified to perform the essential functions of his job with or without a reasonable accommodation. Chavez has not pleaded facts to support the second element.

But even if I assume that Chavez was qualified to do his job, his complaint fails on the third element: he has not alleged any facts plausibly suggesting that the District took an adverse job action against him because of his ADHD or failed to make a reasonable accommodation for that condition. Chavez contends that he was bullied, harassed, and treated unfairly because of his ADHD, but he does not allege specific facts suggesting that to be the case. Chavez also alleges that the District failed to reasonably accommodate his ADHD, but he does not describe the accommodation that he requested or explain how the District failed to provide it. Chavez's allegations are essentially legal conclusions, which is not enough to state a plausible ADA disability discrimination claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I will not allow Chavez to proceed on a disability discrimination claim.

**B. Hostile work environment claim**

To state a hostile work environment claim under the ADA, Chavez must plausibly allege that: (1) he was subject to unwelcome harassment; (2) the harassment was based on his ADHD; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *See Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 856 (7th Cir. 2019).

Chavez alleges that he was "bullied, harassed, and treated unfairly" because of his ADHD, but he does not describe any conduct that would amount to bullying, harassment, or unfair treatment. From his conclusory allegations alone, I cannot plausibly infer that Chavez

stopped working for the District because he faced severe and pervasive harassment due to his ADHD. I will not allow Chavez to proceed on a hostile work environment claim.

**C. Retaliation claim**

To state an ADA retaliation claim, Chavez must plausibly allege that: (1) he engaged in statutorily protected activity; (2) the District took materially adverse action against him; and (3) the protected activity caused the adverse action. *See Freelain v. Vill. of Oak Park*, 888 F.3d 895, 901 (7th Cir. 2018). "An unfulfilled threat, which results in no material harm, is not materially adverse." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 531 (7th Cir. 2003).

Chavez alleges that after he complained about mistreatment based on his ADHD, he was informed that the District planned to replace the night janitors with outside contractors. This plan, Chavez adds, threatened his job and created fear of termination. But Chavez does not allege that the District followed through on its plan to replace the night janitors with outside contractors, so he has alleged at most an unfulfilled threat, which is not a materially adverse action. I will not allow Chavez to proceed on a retaliation claim.

## CONCLUSION

I will allow Chavez to file an amended complaint that fixes the above pleading problems. The amended complaint must be filed on the court's nonprisoner complaint form, which the court will send him with this order. If Chavez needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Chavez should remember to:

- Name his employer as the defendant, and make sure to include enough factual detail so that I understand what his employer's employees actually did, or failed to do, to violate his rights.
- Make it clear how the employees' actions related to Chavez's ADHD.
- Chavez should avoid referring to several employees together. For instance, if more than one employee has taken a particular action that Chavez believes supports a claim against his employer, he should identify each employee who took that action.
- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Daniel E. Chavez I's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until October 13, 2026, to submit an amended complaint that fixes the problems identified in this order.
3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.
4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint.
5. If plaintiff fails to comply with this order, I may dismiss this case.
6. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. Plaintiff is to be sent a copy of the court's nonprisoner complaint form.

Entered September 10, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge